UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SALVATORE MANCUSO GOMEZ,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>CHAD F. WOLF, ACTING SECRETARY,  )<br>U.S. DEPT. OF HOMELAND SECURITY, *et al.*  )<br>)<br>Respondents.  )<br>) | Civil Case: 20-cv-2250 RJL |

PETITIONER'S PRE-HEARING MEMORANDUM
REGARDING TEMPORARY RESTRAINING ORDER

COMES NOW PETITIONER, Salvatore Mancuso Gomez, by and through undersigned counsel, and respectfully submits this pre-hearing memorandum regarding his petition for a temporary restraining order and other injunctive relief. As set forth below, Petitioner expects to establish through documentary evidence that he must be removed from the United States to Italy forthwith.

Concise Argument

On March 27, 2020, Mr. Mancuso completed his criminal sentence and was transferred to the custody of U.S. Immigration and Customs Enforcement (ICE) for deportation proceedings and removal. However, 151 days after completing his criminal sentence, he remains illegally detained by ICE. His detention is illegal because ICE, without explanation, has failed to remove him within the statutorily mandated 90 day time period. While Mr. Mancuso's counsel recently received an

email from ICE officials stating that he will be removed from the United States no later than September 4th, that notice is insufficient. The notice fails to explain why a further delay is appropriate, and it does not specify to which country he shall be removed. Mr. Mancuso seeks this Court's review and relief so that ICE and the U.S. government will be restrained from their continued illegal detention. There is no valid legal or administrative reason why Mr. Mancuso should not be forthwith delivered for removal.

The delay is a continuing violation of Mr. Mancuso's liberty interest and a Constitutional violation. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action. See *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992), citing *Youngberg* v. *Romeo,* 457 U.S. 307, 316 (1982). Such a violation warrants this Court's intervention. Mr. Mancuso respectfully requests that the Court take action to assure that ICE immediately presents him for removal to Italy.

Factual Background

On May 13, 2008, Mr. Mancuso was extradited to the United States to face drug trafficking charges. Shortly after his extradition, Mr. Mancuso accepted responsibility for his crimes, pleaded guilty, and was sentenced to a term of imprisonment by the Honorable Ellen S. Huvelle. On March 27, 2020, Mr. Mancuso completed his prison sentence and was transferred to ICE detention for deportation and removal proceedings.

Pursuant to 8 U.S.C. § 1231 (a)(1)(A), ICE shall remove aliens within 90 days of an order of removal. While this time frame is subject to tolling and exclusion in extraordinary circumstances, Mr. Mancuso submits that ICE has failed to abide by its statutory duty. The following table sets forth the timing of Mr. Mancuso's failed removal proceeding.

| Event | Date | Time To Hearing Date |
|---|---|---|
| Bureau of Prisons transfer to ICE custody | March 27, 2020 | 151 Days |
| ICE issues removal order (Exhibit A) | April 15, 2020 | 132 Days |
| * Colombia Files Extradition Warrant | June 18, 2020 | Removal Clock Tolled |
| * Colombian Extradition Warrant Dismissed | July 21, 2020 | Removal Clock Starts |
| Hearing Date | August 24, 2020 | 100 Days (from date of removal order & calculation of dismissed warrant) |

Therefore, calculating time in the light most favorable to the government, Mr. Mancuso will have been detained 10 days (100 days from April 15, 2020 to August 24, 2020) beyond the statutorily prescribed time on the date of the hearing before this Court.

## Jurisdiction & Venue

Pursuant to 8 U.S.C. § 1231, Petitioner has standing before this Court to bring this action. The most recent Supreme Court case on this issue was decided two short months ago. In the case of *Nasrallah v. Barr*, 140 S.Ct. 1683 (2020), the Supreme Court affirmed the scope of judicial review in removal orders to address constitutional and legal challenges. 8 U.S.C. § 1252 (a)(2)(D). While there are certain preclusions to § 1231, they are not applicable in this matter because Mr. Mancuso is not under a

sentence, or subject to criminal proceedings where adequate procedural protections are applicable. See *United States v. Salerno*, 481 U.S. 747 (1987).[1] Today, Mr. Mancuso continues to be deprived of his freedom while awaiting the execution of a removal order entered 132 days ago.

Likewise, venue is proper in this matter because "a substantial part of the events or omissions giving rise to the claim occurred" here in Washington, D.C. 28 U.S.C. § 1391 (e)(1)(b).

Removal & Liberty Interest - 8 U.S.C. § 1231 (a)(1)(A)

Mr. Mancuso petitions the Court to restrain the government from continuing their pattern of failing to comply with statute and to forthwith remove him to Italy. The language in the controlling statute could not be clearer when it states that "the *Attorney General shall remove* the alien from the United States within a period of 90 days . . ." 8 U.S.C. § 1231 (a)(1)(A) (Emphasis added).

Today, Mr. Mancuso faces a period of indefinite detention. The Supreme Court has addressed this issue and stated that "indefinite detention of aliens . . . would raise

---

[1] See *Duamutef V. Immigration and Naturalization Service,* 386 F.3d 172, 182 (2d Cir. 2004) (Addressing a parole board matter the 2d Circuit stated "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." See *de Jesus Calle v. INS*, No. 03 CV 5566, 2004 WL 825598, at *1 (E.D.N.Y. Apr.6, 2004) ("There is no private right to compel deportation prior to the completion of a sentence of incarceration."); Cepeda 273 F.Supp.2d at 224 (same); cf. Thye v. United States, 109 F.3d 127, 128 (2d Cir.1997) (per curiam) (holding that, under § 1252(h)(2)(A), the predecessor statute to § 1231(a), "whether or not one is to be deported prior to completing a prison term is a matter solely within the discretion of the Attorney General" and the INA "does not create a private right of action that would allow a party to compel the Attorney General to act."

serious constitutional concerns." *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).[2] Expanding upon this, the Supreme Court concluded that § 1231 must be read "in light of the Constitution's demands" and indefinite detention is not permitted. *Id.*, at 689.

### Mr. Mancuso's Current Status

As noted previously, Mr. Mancuso remains detained awaiting removal to Italy. Approximately 5 months have passed since Mr. Mancuso concluded his prison sentence. Even with consideration for tolling of the statutory removal time period, more than 3 months have passed. In the interim, Mr. Mancuso has been shuffled between federal prisons and immigration detention facilities. Today, he is detained at an immigration holding facility in Ocilla, Georgia. As he is deprived of his freedom, ICE can relocate him at will.

Only recently did ICE reveal that Mr. Mancuso's removal will take place soon. On August 20th of this year, an ICE official informed Mr. Mancuso's counsel that a removal is scheduled to take place "on or before September 4, 2020;" the entire email is copied below:

> From: Ferra, Alicia <Alicia.Ferra@ice.dhs.gov>
> Date: Thu, Aug 20, 2020 at 7:33 AM
> Subject: RE: Solicitud ETD Señor Mancuso Gómez
> To: Hector G Mora <hmora@wmr-law.com>
> CC: White, Michael D <Michael.D.White@ice.dhs.gov>
>
> *Good morning, Mr. Mora,*
> *Mr. Mancuso's removal is scheduled to take place on or before September 4, 2020. Let me know if you need anything else.*

---

[2] See also *Clark v. Martinez*, 543 U.S. 371 (2005) where Justice Scalia, who dissented in the *Zadvydas* case, intervened for an alien to support his view on statutory construction. In *Clark*, Justice Scalia noted the government's absence of any evidence to support a substantial likelihood of imminent removal. *Id.*, at 386.

>Regards,
>Alicia Ferra
>Supervisory Detention & Deportation Officer
>Detained Case Management
>FoRR Coordinator
>DHS-ICE-ERO Atlanta Field Office
>Office: 404-893-1258

(Emphasis added). While Mr. Mancuso appreciates this uncertain removal date, each day beyond the 90 day statutory time period is a day he is deprived of his liberty without due process of law. This Court should consider that ICE has had 12 years to prepare for this event. Moreover, Colombia has had 12 years to formalize a proper extradition request. Mr. Mancuso's liberty should not bear the weight of government bureaucracy, or international failings; nor should this Court be the arena where such failings are raised for legitimizing an illegal detention.

## Colombia

Mr. Mancuso has dual Italian and Colombian citizenship. He has chosen to be removed to Italy, and consistent therewith, ICE has entered an order consistent with this request. However, despite this, on June 18, 2020, Colombia made a failed attempt to extradite him. This effort, and the arrest warrant issued, was the reason his removal clock was tolled from June 18th to July 21st of this year. However, the U.S. government and a federal district court judge have already addressed any interest the Colombian government may have with Mr. Mancuso.

The Honorable Hugh Lawson, Senior District Judge, of the Middle District of Georgia, dismissed the Colombian arrest warrant and request for extradition, on

motion by the United States government. See Exhibit, *In the Matter of Salvatore Mancuso Gomez*, Case 7:20-cv-00116-HL, ECF 10 (July 21, 2020). Presently, the government of Colombia has not filed an official petition to extradite Mr. Mancuso, nor has such a request been recognized by a court in the United States.

### Interpol "Red Notice"

Since his filings before this Court, Mr. Mancuso learned that Colombia requested Interpol to list "Red Notices" for his arrest. It is respectfully submitted that the government of Colombia is abusing the Interpol notification system for political purposes. There has not been an arrest warrant presented to Mr. Mancuso or undersigned counsel, or this Court.

Since Colombia has not presented a valid arrest/extradition warrant, it sadly seems that the Colombian government is abusing the policing power of Interpol. Rather than furthering the aim of law enforcement, it is clear that Colombia is attempting to use the power and reach of Interpol for political gain and to prevent proper immigration actions. In sum, Colombia is issuing malicious "Red Notices" without any valid attempt to submit a proper arrest warrant in support of extradition.

### Recent Colombian Request

In recent days, the government of Colombia released what is purported to be an arrest warrant for Mr. Mancuso. In reality, the document amounts to what this Court recognizes as a "hearing on violation" of conditions of release in a criminal matter. The document also reveals the political nature of Colombia's interest in Mr. Mancuso.

On August 7, 2020, the president of Colombia, Ivan Duque, appeared on Colombian national television to criticize the local judicial authorities for not taking sufficient steps to secure Mr. Mancuso's extradition to Colombia. Days later, President Duque again injected politics into the judicial process and tweeted that Mr. Mancuso's "future should be in a Colombian jail cell." With these statements, Duque ignored a negotiated peace settlement that guaranteed former paramilitary members, such as Mr. Mancuso, with reintegration into society, reparation for victims, and in return these individuals would receive an 8 year prison sentence. Mr. Mancuso fully complied with the peace settlement referred to as "Justice & Peace." It is important to note that Mr. Mancuso has been incarcerated for his crimes, in Colombia and the United States, for more than 14 years.

Shortly after President Duque's intervention, on August 14, 2020, a Colombian court surprisingly decided to ignore long established precedent and revoked a previous decision that consolidated all prior unlawful conduct alleged against Mr. Mancuso into an 8 year sentence pursuant to the Justice & Peace process.[3] The new ruling by the Colombian court recounted the entire history of Mr. Mancuso's case, and cooperation, and found that he was entitled to credit for all jail-time served in the United States as drug trafficking was an essential component of his paramilitary activity.

---

[3] See Superior Tribunal for Judicial District of Bogota, Justice & Peace Branch, Cases 11001-6000-253-2006-80008 and 11001-2252-000-2014-00027 (Aug. 11, 2020, decision released publicly Aug. 14, 2020).

However, the Colombian court held that Mr. Mancuso had to return to Colombia to fulfill the probationary portion of that sentence. In essence, the Colombian decision concluded that the Justice & Peace process required fulfillment of what amounts to a supervised release condition. This is insufficient to support an affidavit in support of an extradition warrant, let alone allow the United States to entertain extradition to Colombia.

## RELIEF SOUGHT

Mr. Mancuso respectfully requests that the Court enter an order of immediate removal to Italy.

Exhibits:
- o April 15, 2020, ICE Removal Order

- o Dismissal Order of Colombian Arrest Warrant, *In the Matter of Salvatore Mancuso Gomez*, Case 7:20-cv-00116-HL, ECF 10 Order of Dismissal (Middle District of Georgia July 21, 2020).

Filed: August 23, 2020

          Respectfully submitted,

          WMR Immigration Law Group, LLC

By:_____
          Hector G. Mora, Esq.
          District of Colombia Bar #489889
          1789 Columbia Road NW, Ste. 200
          Washington, D.C.  20009
          Ph: (202) 558-6515
          HMORA@WMR-LAW.COM


          RETURETA  &  WASSEM,  P.L.L.C.

By:_____
          Manuel J. Retureta, Esq.
          District of Columbia Bar #430006
          300 New Jersey Avenue, NW, Suite 900
          Washington, D.C.  20001
          202.450.6119
          MJR@RETURETAWASSEM.COM


          /s/ *Joaquin Perez*

          _____
          Joaquin Perez, Esq.
          6780 Coral Way
          Miami, Florida  33155
          305.261.4000

          *Counsel for Petitioner*