UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SALVATORE MANCUSO GOMEZ, | ) ) ) ) | |
| Petitioner, | ) ) | Civil Case:  20-cv-2250 RJL |
| v. | ) ) | |
| CHAD F. WOLF, ACTING SECRETARY, U.S. DEPT. OF HOMELAND SECURITY, *et al.* | ) ) ) | |
| Respondents. | ) ) | |

EMERGENCY MOTION TO VACATE STAY OF PROCEEDINGS
AND FOR AN IMMEDIATE HEARING ON PETITIONER'S
MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW PETITIONER, Salvatore Mancuso Gomez, by and through undersigned counsel, and respectfully submits this Emergency Motion to Vacate Stay of Proceedings and for An Immediate Hearing On Petitioner's Motion for Temporary Restraining Order.

*Concise Argument*

The government reneged on its assurances and representations made to Mr. Mancuso and this Court as they relate to his removal to Italy.  As late as close of business Friday, August 28, 2020, government counsel advised undersigned counsel that Mr. Mancuso remained scheduled for removal to Italy.  However, less than 24 hours later, the Respondents served Mr. Mancuso with notice that they had changed their minds.  See Exhibit, Notice of Change of Country.  The notice served on Mr.

Mancuso read that he would be removed to Colombia instead of Italy, specifying that removal to Italy would be "prejudicial to the United States." *Id.* The notice was served without explanation, cited no Colombian request or warrant for extradition, and failed to explain why a removal to Italy would "prejudice" this country.

The change in removal destination is troubling on many levels and leaves many questions. The primary question is whether Respondents were, at the very least, less than forthcoming to this Court about their intentions for Mr. Mancuso's removal destination at the hearing held on August 24, 2020. Petitioners' about-face leaves little room to conclude otherwise.

At the August 24th hearing, Respondent's did not advise the Court that the United States was reconsidering Petitioner's removal and intended to improperly invoke at the 11th hour a seldom used provision of the Immigration and Nationality Act to inject a subjective political analysis into Petitioner's ultimate removal destination. Therefore, Petitioner requests that the Court vacate the August 24, 2020 stay of proceedings order, and immediately schedule a hearing on the merits of his motion for temporary restraining order. Petitioner seeks immediate relief in the form of:

1. an immediate hearing on the merits of Petitioner's request for a temporary restraining order; and,
2. a stay halting all immigration action, the tolling of all immigration deadlines, and a stay of removal; and,
3. that Respondents be ordered to immediately provide to Petitioner his entire alien file, or "A-File," including notes, for review and preparation for any Court hearing; and,

4. order Respondents' to show cause why they reversed their representations to this Court that Petitioner would be removed to Italy by no later than September 4th; and,

5. order that Petitioner be transferred to the Washington, D.C. metropolitan area for what is expected to be evidentiary hearings on his petition for writ of mandamus.

*Procedural Background*

On August 17, 2020, Petitioner filed a Petition for Writ of Mandamus [ECF 1] before this Court challenging the unreasonable delay by U.S. Immigration and Customs Enforcement (ICE) to remove him from the United States to Italy. The following day, on August 18, 2020, Petitioner filed a motion for a temporary restraining order [ECF 6] to enjoin ICE from continuing his illegal detention, his removal to Colombia, and order his removal to Italy. The Court ordered a hearing on Petitioner's motion for temporary restraining order for Monday, August 24, 2020. Court Order (no document), ECF Order posted Aug. 20, 2020.

Prior to the August 24th hearing, the parties conferred and reached an agreement that would stay the motion hearing. This agreement was premised on Respondents' assurances that Petitioner was scheduled for removal to Italy no later than September 4, 2020. Petitioner justifiably relied upon Respondents' representations and assurances and presented to the Court a draft order to stay proceedings pending his removal to Italy.

On the telephone hearing, held August 24, 2020, the Court inquired of both parties as to the agreement and whether "this is all going to be done by the 4th

supposedly." Transcript, Hearing on Petitioner's Motion, Aug. 24, 2020, p.6:3-13. Government counsel, based upon the representations made to her by Respondents responded affirmatively. *Id.* All parties concluded the hearing with full expectation that Mr. Mancuso would soon be removed to Italy.

After the hearing and throughout the week of August the 24th, Petitioner's counsel continued to monitor his detention status for any indication of when his removal to Italy would take place. Throughout the week, all signs seemed to confirm that representations made to this Court on Monday, August 24th, remained true and that Petitioner would soon be removed to Italy. Petitioner's counsel was in constant contact with government counsel, ICE agents and officials, U.S. Marshal Service, and court officials and prosecutors from the Middle District of Georgia where Petitioner was detained. Every local, state, and federal entity/person that was responsible for Petitioner and his impending removal confirmed that Petitioner's removal remained as was told to this Court, which was, scheduled to occur before September 4th with the destination being Italy.

On the morning of Friday, August 28, 2020, Petitioner was moved from an immigration detention facility in Southern Georgia, to another immigration detention facility nearer to Atlanta's Hartsfield-Jackson International Airport. Throughout the day on Friday, Petitioner's counsel reached out to all contacts related to this case, and all confirmed that Petitioner's removal remained destined for Italy. Indeed, the day concluded with government counsel confirming to undersigned counsel that nothing had changed with the removal information and the

representations made to this Court.  Additionally, Italy prepared for Mr. Mancuso's arrival by requesting information about where he would quarantine.

On Saturday morning, August 29, 2020, without explanation everything changed.  Mr. Mancuso was served by an ICE officer with a notice advising him that ICE changed its mind and would now remove him to Colombia.  See Exhibit, Notice of Change of Country.  The notice did not reference an arrest warrant, nor an extradition warrant, from Colombia.  Rather, the reason provided was that "[Petitioner's] removal to Italy at this time is prejudicial to the United States." *Id.* No further explanation or justification was given for the abrupt change.

*Petitioner's Argument In Anticipation of Hearing*

The sequence of events described above leaves Petitioner with the conclusion that officials of the United States government were actively working in concert with the government of Colombia to prevent his removal to Italy.  If true, this would be inconsistent with the government representations made to the Court during the hearing of Monday, August 24, 2020.  Petitioner's counsel recognizes the import of this allegation; however, the circumstances and timing of events can yield no other reasonable explanation.

It is inconceivable that the U.S. government decided that Petitioner's removal to Italy was prejudicial to this country, and that removal to Colombia was appropriate, all in a matter of hours between Friday, August 29, and Saturday, August 30th.  Rather, Petitioner concludes that one arm of the U.S. government was actively working to send Mr. Mancuso to Colombia, while another arm of the U.S.

government was making representations to this Court that were disingenuous. The representations made before this Court caused Petitioner to justifiably rely upon Respondents and agree to stay the proceedings. Unfortunately, Respondents unilaterally chose not to inform this Court and Petitioner that the United States was considering a political solution to a legal quagmire.

Petitioner's counsel had heard from reliable sources that some United States and Colombian government officials took advantage of the stay of proceedings to *actively assist* Colombia in a last-ditch effort to resuscitate their previously failed extradition request for Mr. Mancuso. See *In the Matter of Salvatore Mancuso Gomez*, Case 7:20-cv-00116-HL, ECF 10 (July 21, 2020). Petitioner submits these actions amount to a misrepresentation by Respondents before this Court.

To be clear, Petitioner is not suggesting that government counsel intentionally misrepresented the government position to the Court. However, Petitioner is suggesting that Respondents misrepresented, or failed to disclose, their actions to government counsel. The sequence and timing of events can yield no other conclusion other than that United States government officials acted in bad faith and in a manner that is wholly inconsistent with the representations made to government counsel, and the Court.

Arguably, while the action to deny removal to Italy may normally be acceptable, it is the representations made to this Court that are objectionable and disingenuous. Petitioner asserts that any direct action by the United States that

*actively assisted* Colombia in its latest attempt to extradite, or secure the removal of,

Mr. Mancuso was inconsistent with representations made to this Court.

There can be no doubt that the United States government conveyed to this

Court on August 24, 2020, the impression that it was removing Mr. Mancuso to Italy.

Italy is referenced in no less than three instances of the final order issued by this

Court:

> Whereas, Respondents have represented that Petitioner is currently
> scheduled to be removed from the ***United States to Italy*** no later than
> Friday, September 4, 2020
>
> **ORDERED** that Petitioner's motion for a temporary restraining order
> is held in abeyance pending Petitioner's removal from the ***United
> States to Italy***
>
> **ORDERED** that upon removal of Petitioner from the ***United States to
> Italy***, Petitioner's counsel shall file a motion dismissing all claims.

Order, ECF 11, August 26, 2020 (Emphasis added.).   Moreover, this Court's own

question to government counsel at the August 24, 2020 hearing left no doubt that the

Court understood and expected Mr. Mancuso would be removed to Italy:

> THE COURT: Very good. Ms. Seabrook, this is all going
> to be done by the 4th supposedly?
>
> MS. SEABROOK: Yes, Your Honor.
>
> THE COURT: Very good.
> All right. Well, we'll put everything on stay and on
> hold and -- put a stay on everything, and I'm
> optimistic based upon the negotiations that have taken
> place here that this will get done on the 4th. Is
> there anything -

Hearing on Temporary Restraining Order, August 24, 2020, Transcript p.6:6-13.

Petitioner acknowledges that a sovereign nation always retains the right to

petition another country for an individual's extradition and that ICE may change a

removal destination for an alien.  However, this decision could have been made five months earlier, when a final order of removal to Italy was entered.  Instead, the government waited until days before Petitioner's removal to invoke the seldom used provision that seems premised on "political" convenience.  Such a divergence is completely inconsistent with representations made to this Court and wholly unacceptable.

### Continued Detention & Lengthy Delay

Given the events described above, and the fact that Mr. Mancuso has been deprived of his freedom by ICE for approximately five months, it is clear that he will avail himself of all rights and legal remedies available to him.  This will necessarily mean that he will spend additional time detained.  For this reason, we ask this Court to note this issue as Petitioner prepares for a hearing.

WHEREFORE, Petitioner respectfully requests that the Court vacate the stay of proceedings and for relief as set forth in this pleading.

Filed:  August 31, 2020

Respectfully submitted,

WMR Immigration Law Group, LLC

By:_____
Hector G. Mora, Esq.
District of Colombia Bar #489889
1789 Columbia Road NW, Ste. 200
Washington, D.C.  20009
Ph: (202) 558-6515
HMORA@WMR-LAW.COM


RETURETA  &  WASSEM,  P.L.L.C.

By:_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
300 New Jersey Avenue, NW, Suite 900
Washington, D.C.  20001
202.450.6119
MJR@RETURETAWASSEM.COM


/s/ *Joaquin Perez*

_____
Joaquin Perez, Esq.
6780 Coral Way
Miami, Florida  33155
305.261.4000

*Counsel for Petitioner*