UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALVATORE MANCUSO GOMEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHAD F. WOLF, ACTING SECRETARY, )<br>U.S. DEPT. OF HOMELAND SECURITY, *et al.* )<br>)<br>Respondents. )<br>) | Civil Case: 20-cv-2250 RJL |

MOTION FOR LEAVE TO REPLY TO GOVERNMENT'S
RESPONSE [ECF 15] TO PETITIONER'S MOTION TO
VACATE STAY AND PRE-HEARING BRIEF [ECF 14]

COMES NOW PETITIONER, Salvatore Mancuso Gomez, by and through undersigned counsel, and respectfully submits this Motion for Leave to Reply to Government's Response [ECF 15] (hereinafter "Response") to Petitioner's Motion to Vacate Stay and Pre-Hearing Brief [ECF 14].

Concise Argument

The government revealed in their Response that the "Notice of Change of Country of Removal" provided to Petitioner on Saturday, August 29, 2020, was "determined" by Chad F. Wolf, *Acting* Secretary, U.S. Department of Homeland Security. Pursuant to controlling authority, and absent any indication of delegation of power, the determination made by *Acting* Secretary Wolf is void. As this was just revealed to Petitioner and this Court in the government's Response of Tuesday

evening, September 1, 2020, Petitioner respectfully requests a briefing schedule to address this significant revelation and appropriately brief his arguments.

## Authority & Argument

Generally, "immigration decisions fall within the purview of the Attorney General and the Secretary of the Department of Homeland Security, see, e.g., 8 U.S.C. § 1103. Government Response, ECF 15, p.7. The administration and enforcement of the Immigration and Nationality Act is normally within the purview of the Department of Homeland Security, except where duties related thereto are "conferred upon the President, Attorney General, the Secretary of State," etc.  8 U.S.C. § 1103(a)(1).  Pursuant to 8 U.S.C. § 1231, the Attorney General is charged with removing aliens that have been ordered removed.  Certain aliens, including Mr. Mancuso, are permitted to designate the country to which they shall be removed.  8 U.S.C. § 1231(b)(2)(A)(i).  The Attorney General, however, is specifically empowered to disregard such designation under limited circumstances.  8 U.S.C § 1231(b)(2)(C) provides:

> (C) Disregarding designation - *The Attorney General may disregard a designation* under subparagraph (A)(i) if—
> 
> i. the alien fails to designate a country promptly;
> 
> ii. the government of the country does not inform the Attorney General finally, within 30 days after the date the Attorney General first inquires, whether the government will accept the alien into the country;
> 
> iii. the government of the country is not willing to accept the alien into the country; or
> 
> iv. *the Attorney General decides that removing the alien to the country is prejudicial to the United States.*

(Emphasis added.).

On Saturday, August 29, 2020, the *Acting* Secretary of Homeland Security made a determination that removal of Petitioner to Italy would be "prejudicial to the United States" under 8 USC § 1231(b)(2)(C)(iv).  As a result, Petitioner's removal to Italy—which had previously been scheduled for the following day— no longer took occurred.

It is clear from the government's pleading that the Attorney General was not the one that determined Mr. Mancuso's removal to Italy would be prejudicial to the United States.  Rather, the notice clearly states that determination was made by the *Acting* Secretary of Homeland Security, Chad F. Wolf.  *Acting* Secretary Wolf cited 8 USC § 1231(b)(2)(C)(iv) as the authority for the "Notice of Change of Country of Removal" provided to Mr. Mancuso.  Pursuant to that statutory provision, however, only the Attorney General has the authority to make such a determination.  Petitioner submits that in the absence of action by the Attorney General, the notice received is void.

Moreover, Mr. Mancuso submits that as a result of the invalidity of *Acting* Secretary Wolf's appointment, even were the Secretary of Homeland Security empowered to invoke 8 U.S.C. § 1231(b)(2)(C)(iv), *Acting* Secretary Wolf was acting without legal authority, which rendered the notice received void.

WHEREFORE, Petitioner respectfully requests that the Court grant this motion to reply and allow time for briefing on this issue.

Filed:  September 2, 2020

Respectfully submitted,

WMR Immigration Law Group, LLC

By:_____
Hector G. Mora, Esq.
District of Colombia Bar #489889
1789 Columbia Road NW, Ste. 200
Washington, D.C.  20009
Ph: (202) 558-6515
HMORA@WMR-LAW.COM


RETURETA  &  WASSEM,  P.L.L.C.

By:_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
300 New Jersey Avenue, NW, Suite 900
Washington, D.C.  20001
202.450.6119
MJR@RETURETAWASSEM.COM


/s/ *Joaquin Perez*

_____
Joaquin Perez, Esq.
6780 Coral Way
Miami, Florida  33155
305.261.4000

*Counsel for Petitioner*