UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SALVATORE MANCUSO GOMEZ, | ) ) ) | |
| Petitioner, | ) ) | Civil A. No.: 20-2250 RJL |
| v. | ) ) ) | |
| CHAD F. WOLF, ACTING SECRETARY, U.S. DEPT. OF HOMELAND SECURITY, *et al.* | ) ) ) ) | |
| Respondents. | ) ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of April 29, 2022, the parties respectfully submit the following joint status report regarding Mr. Mancuso's (Petitioner's) administrative process.

### *Background and Joint Status Report*

On August 17, 2020, Petitioner filed his Complaint [ECF No. 1] in this matter and filed an Amended Complaint [ECF No. 14] on September 1, 2020.

1. On September 2, 2020, the Court held a telephone motions hearing on Petitioner's Motion for a Temporary Restraining Order [ECF No. 6], which had been filed on August 18, 2020. The Court denied Petitioner's Motion and instructed the parties to file a Joint Status Report on September 16, 2020, which the parties did.

2. On October 15, 2020, the parties filed a joint motion to stay proceedings and submit monthly status reports. The Court granted the joint motion and ordered the parties to file a joint status report on or before November 12, 2020.

3. As the Court noted during the September 2, 2020, hearing, and as the parties confirmed in their September 16, 2020, Joint Status Report [ECF No. 18], and the October 15, 2020, Joint Motion to Stay Proceedings [ECF No. 19], Petitioner is proceeding through an administrative process regarding his removal from the United States and the determination of the country to which he will be removed.

4. At this time, because the administrative proceeding will take additional time, the parties respectfully request that the Court continue the stay of proceedings in this case to preserve the parties' and the Court's resources, and because the administrative proceedings may resolve the need for further judicial intervention and proceedings.

### *Petitioner's Position*

5. Given the length of time taken by the administrative proceeding, and his prolonged civil detention, Petitioner has requested (though communications with the government's counsel in this case) that the government reconsider its position regarding his potential removal to Italy. The government has received this request.

6. Petitioner bases his request for reconsideration by the government on the length of time it is taking for the immigration administrative proceeding to conclude. Petitioner asserts the delay is by no fault of his own and notes that his immigration detention period of 28-months, pending removal to his original country of designation (Italy) is unreasonable and unjustified as a

matter of fact and law. Petitioner expresses that should reconsideration fail he will petition this Court for relief.

7. Petitioner agrees that continuing the current stay of proceedings is appropriate to permit the ongoing administrative proceedings to continue and to allow the government to complete its decision-making process regarding reconsideration; however, given recent developments, Petitioner respectfully requests that, with leave of the Court, they parties should file their next Joint Status Report in 45 days, i.e., no later than September 19, 2022.

### *Respondents' Position*

8. Respondents confirm that Petitioner (through counsel in this case) has requested that the government reverse its decision to remove Petitioner to Columbia and, instead, agree to remove Petitioner to Italy. Respondents advise that they have received the request.

9. To the extent that Petitioner intends to seek relief from this Court should his request for reconsideration fail (as he indicates above), Respondents will oppose any such request for relief because (among other things) the administrative immigration proceedings have not yet concluded and the duration of Petitioner's civil detention is due in large part to the pace of administrative proceedings, which Respondents do not control.

10. Respondents oppose Petitioner's request that this Court order the next Joint Status Report to be filed by September 19, 2022, i.e., in no more than 45 days. If any significant event occurs that warrants the Court's prompt attention before the next regularly scheduled status report is due on October 27, 2022,

then the parties can file a "Notice" with the Court advising it of the relevant events. Consequently, the Court should deny Petitioner's request to require that the parties file a status report earlier than the current October 27, 2022, deadline for filing the next report.

Dated:  July 29, 2022                    Respectfully submitted,

COUNSEL FOR PETITIONER:

RETURETA  &  WASSEM,  P.L.L.C.

By:_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
300 New Jersey Avenue, NW, Suite 900
Washington, D.C.  20001
202.450.6119
MJR@RETURETAWASSEM.COM


COUNSEL FOR RESPONDENTS:

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:___/s/ *April Denise Seabrook*
APRIL DENISE SEABROOK
D.C. Bar No. 993730
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C.  20530
Phone:  202-252-2525
April.Seabrook@usdoj.gov